[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 2233
The parties intermarried on August 24, 1985 in Milford, Connecticut. Both parties have resided for more than one year in the State of Connecticut. There is one minor child issue of the marriage, Caroline Rose Holst-Bucci, born October 27, 1987.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decision reflected in the orders that follow.
The parties have been married for approximately 9 years. They have been separated and living apart since September 1992. The plaintiff is 38 years of age and the defendant is 34 years old. Both parties appeared to be in good health.
The defendant has been gainfully employed throughout the marriage. He is presently employed by Microsoft Corporation, earning approximately $64,715. per year according to his most recent pay stub.
The plaintiff had been employed at TRT Telecommunication Corp. earning approximately $26,000. per year. After the defendant was laid off the parties went to Florida where the plaintiff decided to complete her college education. The plaintiff now has a BA degree as well as substantial computer experience.
In 1990, the plaintiff turned down a job for $35,000 due to her commitment to the care and attention of the parties child who was born in October 1987. The plaintiff has worked at a variety of part time jobs since the birth of their child. The plaintiff testified her career has suffered and her lifetime earnings had decreased as a result of their young child.
Each party is presently romantically involved with another person. As a matter of fact, the defendant has his present girlfriend and her son living with him in the marital home which is owned solely by the plaintiff wife. The plaintiff and the minor child are living in one bedroom in the plaintiff's parent's home which is described as a small beach house. CT Page 2234
The major asset of the marriage is the marital home. The title to the home was placed in the plaintiff's name due to the poor credit rating of the defendant. The defendant is not on the 1st mortgage but he is on the 2nd mortgage.
The marital home was appraised at $148,000. The two mortgages total approximately $118,000. leaving an equity of approximately $30,000. There was no dispute that the defendant contributed $55,000. for the down payment and $21,000 came from joint savings. The parties paid $176,000. for this home.
The plaintiff desires to return to this home so that she can set up an office and work from home. This would allow her more time with her child and would resolve her Day Care and babysitter problems. The minor child is six years old.
The defendant has a stock option plan at Microsoft which will mature completely in four years. The defendant's stock option consists of 2700 shares at $77 per share. Six months ago this stock was selling at $96. per share and a week ago it was selling at $88. per share. If the real estate were sold at this time, the parties would realize a total net of approximately $20,000. to be divided between them. The 2700 shares of stock cannot be disposed of for four years and the price per share is unknown at this time.
The plaintiff testified that she was 50% responsible for the breakdown of the marriage. The defendant testified that he did not contribute at all to the breakdown and feels the plaintiff was 100% responsible.
Unfortunately, the partes [parties] were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The Court has carefully considered all the statutory criteria in reaching the decisions reflected in the orders that follow.
A. Custody Visitation
1. Custody of the minor child is awarded to the plaintiff with rights of reasonable and liberal visitation to the defendant which shall include alternate weekends from Saturday 10:00 am to Sunday 6:00 pm and such other times as the parties shall agree upon. The parties shall share the major holidays as they shall agree. CT Page 2235
2. The plaintiff shall confer with the defendant with respect to major decisions affecting the life of the child. The plaintiff shall have the right of final decision making in the event of a dispute.
3. If the parties are unable to agree upon a visitation schedule they are referred to Family Services for mediation and if this is not successful they shall return to court for a hearing and orders thereon.
B. Child Support
1. Commencing immediately, the defendant shall pay to the plaintiff as child support the sum of $220 per week until the child reaches the age of 18, becomes emancipated or dies.
2. An immediate withholding is ordered.
C. Medical Insurance
1. The defendant shall maintain medical coverage as is available at this place of employment for the benefit of the minor child.
2. Any unreimbursed medical expenses for the minor child shall be equally divided between the parties.
D. Real Estate
1. No useful purpose would be served by ordering the marital home to be sold at this time. As previously indicated, the parties would realize a total net of approximately $20,000 to be divided if the property were sold for the appraised value. Neither party is in a position financially to purchase another home and the minor child would be uprooted again. The defendant unfortunately will not recoup his initial investment. The defendant is concerned over the 2nd mortgage on which he is jointly liable with the plaintiff. The first mortgage is solely in the plaintiff's name as is title to the real estate.
2. In weighing the pros and cons in considering the equities, and taking into account the statutory criteria, the court awards the marital home located at 116 Knobb Hill Road, Milford, Connecticut to the plaintiff and the defendant shall have no CT Page 2236 interest in said premises.
3. Said award to the plaintiff is in lieu of any periodic alimony.
4. It is further ordered that the plaintiff shall, within seven months of date, refinance the mortgages so as to remove the defendant's name from the 2nd mortgage. The plaintiff shall be solely responsible for the 2nd mortgage and shall hold the defendant harmless from any liability thereon.
5. IN the event the plaintiff is unable to refinance, or is unable to remove the defendant's name from the 2nd mortgage, then the real estate shall be placed on the market for sale and shall be sold forthwith. After the payment of the 1st and 2nd mortgages, the real estate commission and usual closing costs, the net proceeds shall be divided 70% to the plaintiff and 30% to the defendant.
6. The court shall retain jurisdiction over any disputes with regard to the sale of the real estate.
7. The defendant shall vacate the premises within 30 days of date. The premises shall be left in broom clean condition and the defendant shall commit no waste to the premises.
8. Until such time as the defendant vacates the premises, he shall be responsible for the 1st and 2nd mortgages all utility bills, taxes and insurance. The two mortgage payments and all utility bills, taxes and insurance shall be current and up to date when the defendant vacates the premises.
9. The defendant shall remove from the home only the personal property that has been agreed upon between the parties.
E. Personal Property
1. The parties have agreed on a division of their personal property indicated in Plaintiff's Exhibit 2. In the event there are any items in dispute, the parties are referred to Family Services to mediate the division of property and if this is unsuccessful, the parties shall return to court for orders thereon after a hearing.
F. Other Property CT Page 2237
1. The plaintiff shall be entitled to 30% of the defendant's stock options whenever she exercises or cashes in the stock options. It is understood that 25% of the defendant's stock options have matured, 25% will mature in May 1994; and two years from May the entire amount of 2700 shares @ 77 share will be available to the defendant provided he is still employed by Microsoft.
2. The defendant shall be entitled to his 401(k) Fidelity Investments Account.
G. Miscellaneous
1. Commencing with the year 1994, the defendant shall be entitled to claim the minor child as a dependent for Income Tax purposes provided he is current in his child support payments as of December 31st.
2. The plaintiff shall be entitled to COBRA benefits as are available through the defendant's employment, at her expense.
H. Life Insurance
1. The defendant shall provide and maintain life insurance in the amount of $100,000. (one-hundred-thousand dollars) with the minor child named as the irrevocable beneficiary thereon for so long as the defendant has an obligation for support. This provision shall be modifiable.
I. Counsel Fees
1. The plaintiff is awarded counsel fees in the amount of $1000 to be paid by the defendant within one year of date.
COPPETO, J.